IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:25-CV-800-BO

| | |
|---|---|
| NIGEL MAX EDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| JESSICA WIEGERS, MARK SIMMONS, ) | |
| ALYSON BERGER, RACHEL CROWL, ) | |
| TRENT FRAZOR, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's motion for the U.S. Marshals to serve Defendants, [DE-17], and the motions to dismiss from Defendants Jessica Wiegers, Mark Simmons, and Trent Frazor (collectively, "Defendants") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6), [DE-12, -15, -21]. Plaintiff responded to Wiegers's motion, [DE-18], and the time for further briefing has expired. The matter is ripe for determination and is referred to the undersigned for a memorandum and recommendation to the district court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. R. 72.3(c)(1), E.D.N.C. For the reasons that follow, it is recommended that the motions to dismiss be granted, the complaint be dismissed in its entirety for lack of subject matter jurisdiction, and the motion for service be denied as moot.

I. Background

Plaintiff, Nigel Max Edge, brought this action against Defendants, Jessica Wiegers, Mark Simmons, Alyson Berger, Rachel Crowl, and Trent (Gary) Frazor, alleging that he "has never had

a true Friend, Family, or Wife" due to Defendants' affiliations with "LGBQT/Pedophile Extremists . . . directly connected to the 'Global War on Terrorism,' the 'Attacks on 9/11' and the attempt to 'Ethnically Cleanse the population of people opposing Pedophilia using Chemical Weapons(poison), the motivating factor behind the 'Abu Ghraib Scandal.'" Compl. [DE-1] at 1–2. Plaintiff describes Defendants' actions as "[a] True disgrace to White Supremacy, and the human race." *Id.* at 2.

Specifically, Plaintiff alleges that Simmons, who "Posed as [his] best friend," poisoned him with pesticides, filmed him while sleeping, "intentionally handed [him] a sabotaged rifle loaded with an incorrect round in an attempt to wound or murder Nigel," and told him that "[w]e're trafficking you" as "[p]roof beyond a reasonable doubt of [Simmons's] participation in terrorist activities." *Id.* at 8. Plaintiff also claims that Berger, who "posed as [his] girlfriend," poisoned him with steroids, roach bait, rat poison, and contact solution; attempted to overdose him with his own pain medication; poisoned his dog; and exploited him "for use in Pornography." *Id.* at 9. Plaintiff alleges that Jessica Wiegers "Posed as a Straight Female in order to 'Traffick the plaintiff throughout college.'" Plaintiff also claims that Frazor, who knew Plaintiff from their military service in Iraq, aided a "White Supremacist Pedophile/terrorist in 'Promoting Suicide' for Nigel Edge," which Plaintiff believes is "obvious[ly] based on his wife's relationship to Kellie Pickler who 'Poisoned the Plaintiff at the CMAs . . . .'"[1] *Id.* at 9. Finally, Plaintiff alleges that Crowl, his former wife, knew of the LGBQT and White Supremacy and attempted to murder him on "many occasions." *Id.* at 10. He attaches an article from the Wilmington StarNews about his military service and relationships with Defendants. *Id.* at 12–18. Plaintiff seeks damages in the amount of $75,000 from each Defendant. *Id.* at 11. In his civil cover sheet, he checks the box for this being a

---

[1] The court notes that Plaintiff has sued Pickler in a related action, No. 7:25-CV-00370-BO, asserting similar claims of conspiracy with Osama Bin Laden and "LGBQT/Terrorists."

2

personal injury case and describes his cause of action as "Human Trafficking" and "Involuntary Intoxification." [DE-1-1].

Plaintiff has attempted to serve Defendants, who live in North Carolina, New York, Georgia, and South Carolina, by certified mail. [DE-1] at 1–2. He has filed a proof of service form and a signed certified mail receipt from Gary Frazor, [DE-5], and Mark Simmons, [DE-7]. He has also filed a proof of service form for Alyson Berger with an attached unsigned certified mail receipt, [DE-8], and for Rachel Crowl with an unclaimed certified mail receipt, [DE-9]. Plaintiff has also filed a motion requesting the U.S. Marshals serve Alyson Berger in New York and "Rachel Crowl (Black)" in North Carolina. [DE-17]. Counsel for Simmons and Frazor filed notices of appearance. [DE-10, -19]. Defendants Wiegers, Simmons, and Frazor filed motions to dismiss, [DE-12, -15, -21], and Plaintiff responded to Wiegers's motion, [DE-18], but not the others.

## II. Standard of Review

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits, and the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### i. Subject Matter Jurisdiction

A court must dismiss all or part of an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). [DE-12, -15, -21]. Thus, the existence of subject matter jurisdiction is a

3

threshold question that must be addressed before considering the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The party opposing the Rule 12(b)(1) motion to dismiss, here Plaintiff, has the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### ii. Failure to State a Claim

Pursuant to Rule 12(b)(6), a court may dismiss an action that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss tests the sufficiency of the facts pleaded in the complaint, and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss, a court is required to consider the complaint in the light most favorable to the plaintiff and to accept as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). A complaint attacked by Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### iii. Strike

Rule 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "District courts

4

have considerable discretion in deciding Rule-12(f) motions to strike." *Pike v. Wells Fargo Bank, N.A.*, No. 7:20-CV-00219-M, 2021 WL 2445893, at *2 (E.D.N.C. June 15, 2021) (citing *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 325 (4th Cir. 2018)), *on reconsideration*, 2022 WL 1196694 (E.D.N.C. Apr. 21, 2022). However, motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citations omitted).

### III. Discussion

#### i. Motions to Dismiss

Defendants move to dismiss the action based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6). [DE-12, -15, -21]. In response to Wiegers's motion, Plaintiff states that he understands that the allegations are bizarre but continues to assert them. [DE-18]. However, the court lacks subject matter jurisdiction over the matter and, despite construing his claims charitably, does not find that Plaintiff plausibly alleges any claim.

##### a. Subject Matter Jurisdiction

Defendants Frazor and Simmons both argue that this court lacks subject matter jurisdiction. [DE-13] at 1; [DE-22] at 5. Specifically, they argue that diversity jurisdiction does not exist with two residents of the same state and that federal question jurisdiction does not exist with the only potentially conceivable claim being the state law claim of battery. [DE-13] at 4; [DE-22] at 5. Plaintiff did not respond.

"Federal courts are courts of limited jurisdiction." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

5

375, 377 (1994)). "When a party desires to proceed in federal court, it 'must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter.'" *Id.* (quoting *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008)). Thus, the party invoking the jurisdiction of the court, here Plaintiff, has the burden of establishing subject matter jurisdiction. *See id.*

Federal subject matter jurisdiction is limited to actions in which the claim asserted by the plaintiff raises a federal question or the plaintiff and defendant have a diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Jurisdiction based on a federal question occurs when the plaintiff alleges a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The mere assertion of a federal claim is not sufficient . . . ." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). "Rather, a party must raise a *substantial* federal claim." *Asanov v. Plekan*, No. 5:23-CV-310-M, 2024 WL 1601204, at *1 (E.D.N.C. Feb. 6, 2024) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–38 (1974)). Thus, "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and insubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" *Trustee Servs. of Carolina, LLC v. Gutowsk*, No. 3:13-CV-680-RJC, 2014 WL 991990, at *2 (W.D.N.C. Mar. 13, 2014) (quoting *Hagans,* U.S. at 536–37). Jurisdiction based on diversity of citizenship occurs when the plaintiff does not hold the same citizenship as the defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a), and "the facts providing the court jurisdiction must be affirmatively alleged in the complaint," *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

6

In the present case, even construing Plaintiff's *pro se* complaint liberally, Plaintiff has failed to plead federal question jurisdiction. In his civil cover sheet, Plaintiff checks the box for "federal question" as the basis for jurisdiction, checks "other personal injury" as the nature of his suit, does not list a U.S. Civil statute, describes the cause of action as "human trafficking" and "involuntary intoxification," [DE-1-1] at 1, but "at no point in his complaint does he elaborate on the identity of this supposed statute," *see e.g., Morrison v. Monroe*, No. 7:10-CV-132-FL, 2010 WL 5056001, at *3 (E.D.N.C. Oct. 29, 2010). Furthermore, Plaintiff's factual allegations are so delusional that they are simply unbelievable. *See McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). Thus, Plaintiff has failed to meet his burden in pleading a substantial federal question. *See Asanov v. Plekan*, No. 5:23-CV-00310-M, 2024 WL 987570, at *4 (E.D.N.C. Mar. 7, 2024) (finding that the plaintiff's "vague references" to federal violations were insufficient to confer subject matter jurisdiction).

Plaintiff also failed to allege diversity of citizenship. While he pleaded the amount in controversy requirement by claiming more than $75,000 in damages, *see Ministry of Defense of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) ("Courts generally accept the sum claimed by the plaintiff in good faith as the amount in controversy."), Plaintiff has several issues with pleading citizenship, *see Woolens v. Collier*, No. 7:23-CV-00932-M, 2023 WL 11998741, at *2 (E.D.N.C. May 5, 2023) (requiring the plaintiff to show diversity of citizenship to confer subject matter jurisdiction even though he had met the amount in controversy requirement). First, he has failed to allege not only his citizenship, but also the citizenships of Defendants. *See Alex Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998) (citing *Shaw v. Quincy Mining Co.*, 145 U.S. 444, 447 (1892) ("It was held by this court from the beginning that an

7

averment that a party resided within the State or the district in which the suit was brought was not sufficient to support the [diversity] jurisdiction, because in the common use of words a resident might not be a citizen, and therefore it was not stated expressly and beyond ambiguity that he was a citizen of the State.")); *see also Khan v. WakeMed*, No. 5:18-CV-276-D, 2019 WL 1053645, at *3 (E.D.N.C. Feb. 13, 2019) (finding a lack of diversity jurisdiction when a plaintiff did not allege his citizenship); *Schmier v. Lion Credit & Cap.*, No. 5:17-CV-456-FL, 2018 WL 1960773, at *2 (E.D.N.C. Apr. 26, 2018) (dismissing a complaint when the plaintiff did not allege the citizenship of the defendants). Second, even if the court were to charitably construe the parties' addresses as citizenship, Plaintiff shares citizenship with two Defendants, breaking complete diversity of parties. *See Edwards v. Campbell*, No. 5:22-CV-00534-M, 2023 WL 2815426, at *1 (E.D.N.C. Jan. 6, 2023) (requiring the plaintiff to "name parties that are citizens of a different state than Plaintiff's state" to establish diversity jurisdiction). Thus, the court lacks diversity subject matter jurisdiction. *See Wilson v. Harnett Health Sys., Inc.*, No. 5:23-CV-348-M, 2024 WL 4549268, at *3 (E.D.N.C. Sept. 26, 2024) (finding no diversity jurisdiction when the plaintiff did not plead complete diversity of citizenship). Accordingly, it is recommended that the motions to dismiss from Defendants Simmons and Frazor be granted.

It is also recommended that the complaint be dismissed in its entirety to all Defendants due to lack of subject matter jurisdiction. "In this circuit, 'there are instances in which *sua sponte* dismissals of complaints under Rule 12(b)(6) are appropriate.'" *Edge v. United States*, No. 7:24-CV-1086-FL, 2025 WL 818568, at *7 (E.D.N.C. Mar. 13, 2025) (quoting *Robertson v. Anderson Mill Elem. Sch.*, 989 F.3d 282, 290 (4th Cir. 2021)), *aff'd*, 2025 WL 1692742 (4th Cir. June 17, 2025). In *Edge v. United States*, Plaintiff asserted claims against eighteen defendants, and eleven filed motions to dismiss. *See id.* at *1. Because the claims were materially similar, the court

8

dismissed the unmeritorious claims as to both the moving and non-moving defendants. *See id.* at *1, 7. Here, Plaintiff asserted essentially the same claims against all defendants, [DE-1], but only three defendants filed motions to dismiss, [DE-12, -15, -21]. However, because Plaintiff "had the opportunity and incentive to argue [his] position in response to a motion to dismiss similar claims," the unmeritorious claims should be dismissed as to all Defendants. *See Edge*, 2025 WL 818568, at *7. Accordingly, the complaint should be dismissed in its entirety pursuant to Rule 12(b)(6).

### b. Failure to State a Claim

Alternatively, should the court not dismiss the complaint for lack of subject matter jurisdiction, Plaintiff has also failed to state a plausible claim for relief. Plaintiff alleges in his complaint that Defendants participated in a civil conspiracy to traffic him "his entire life for a Mass Pedophile Ring run by White Supremacist Pedophiles enabled by 'Authorities.'" [DE-1] at 2. Simmons and Frazor argue that the court should dismiss the complaint because "his allegations are so far-fetched and bizarre that no rational person would find them believable." [DE-13] at 3; [DE-22] at 3. In her motion to dismiss, Wiegers requests a dismissal with prejudice because "Plaintiff fails to identify any *factual* basis for his trafficking allegation, or how this Defendant is associated with the trafficking as it relates to the overall, vague, civil conspiracy alleged." [DE-15] at 3. In his response to Wiegers's motion to dismiss, Plaintiff admits his allegations are bizarre but continues to assert them. [DE-18] at 3–4.

In evaluating the motion to dismiss for failure to state a claim, "[the] court accepts all well-pled facts and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. 662). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

9

on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard is met where "the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Nemet Chevrolet*, 591 F.3d at 255 (quoting *Iqbal*, 556 U.S. at 678).

"Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. *Twombly*, 550 U.S. at 556. Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" *Nemet Chevrolet*, 591 F.3d at 256 (quoting *Iqbal*, 556 U.S. at 679).

As explained above, Plaintiff's factual allegations are so delusional that they are simply unbelievable, which alone is enough to grant a motion to dismiss for failure to state a claim. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a case is frivolous if it lacks an arguable basis in either law or fact); *see also Bullard v. Young*, No. 5:12-CT-3093-FL, 2012 WL 8466136, at *1 (E.D.N.C. Aug. 22, 2012) (dismissing a frivolous claim that lacked an arguable basis in law). However, because Plaintiff is proceeding *pro se*, the court out of an abundance of caution charitably construes his claim as one for conspiracy to deny him his civil rights under 42 U.S.C. § 1985(3), but finds that the allegations fail to state a plausible claim.

To state a claim for conspiracy to deny civil rights, a plaintiff must allege "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *Melvin v. Soc. Sec. Admin*, 126 F. Supp. 3d 584,

610 (E.D.N.C. 2015) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995) (citations omitted)). To establish a conspiracy, "a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights," which "is a 'relatively stringent standard' that requires sufficient evidence that the alleged conspirators participated in a joint plan." *Id.* (quoting *Simmons*, 47 F.3d at 1377 (citations omitted)). Notably, the Fourth Circuit "has rarely, if ever, found that a plaintiff as set forth sufficient facts to establish a section 1985 conspiracy." *Simmons*, 47 F.3d at 1377. It has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.*

Here, Plaintiff has not met his burden in showing a conspiracy. He pleads in a conclusory fashion that Defendants are "directly connected to the 'Global War on Terrorism,' the 'Attacks on 9/11' and the attempt to 'Ethnically Cleanse the population of people opposing Pedophilia using Chemical Weapons(poison), the motivating factor behind the 'Abu Ghraib Scandal,'" [DE-1] at 2, but he fails to plausibly allege facts from which the court could infer how Defendants—who he considers to be "LGBQT/Pedophile Extremists"—had a "meeting of the minds" with undisclosed individuals of the aforementioned affiliations, *see Melvin*, 126 F. Supp. 3d at 610 (failure to sufficiently allege a meeting of the minds when "[t]here are no facts showing that [the defendant] ever had any communication with, or was ever contacted by [the second defendant]"). He also alleges that Defendants have paid "law enforcement, medical personnel and the general public" to continue harassing him, [DE-1] at 9, but he fails to sufficiently plead how these groups have worked with Defendants in a conspiracy, *see Melvin*, 126 F. Supp. 3d at 610. Thus, Plaintiff's allegations are not sufficient to plausibly plead a conspiracy. *See id.* (dismissing a § 1985(3) claim when the plaintiff failed to plead a conspiracy).

11

Case 7:25-cv-00800-BO-RJ    Document 25    Filed 08/25/25    Page 11 of 18

Additionally, Plaintiff failed to allege that he was a member of a suspect class. He states Defendants targeted him for being endowed and "a Good Person who is straight," [DE-1] at 3, but neither are a suspect class that triggers heightened scrutiny, *see Mina v. Southern Shores Town*, No. 2:24-CV-00042-M-RN, 2025 WL 2083925, at *3 (E.D.N.C. July 24, 2025) (not protecting classification based on socioeconomic status or wearing hair in dreadlocks) (citing *Harris v. McRae*, 448 U.S. 297, 323 (1980) (recognizing that socioeconomic status is not a suspect class)).. Thus, Plaintiff failed to plausibly allege that Defendants were motivated by discrimination toward a specific class. *See Melvin*, 126 F. Supp. 3d at 610 (dismissing a conspiracy claim when the plaintiff did not plead that the defendants' actions were motivated by suspect class discrimination).

Moreover, Plaintiff does not plausibly allege that Defendants caused him injury. His litany of allegations, including human trafficking, poisonings, attempted murder, and treason, are simply not believable. [DE-1] at 2–11; *see Christian v. North Carolina*, No. 5:13-CV-739-FL, 2014 WL 652653 at *6 (E.D.N.C. Feb. 19, 2014) (the claims "are 'so nutty, delusional, or wholly fanciful as to be simply unbelievable'") (internal quotations and citations omitted) (quoting *McLean*, 566 F.3d at 399). The extent of Plaintiff's harm, and the role that Defendants played in that harm, is also unclear. *See Christian*, 2014 WL 652653 at *6 (dismissing a complaint that "is scattershot in nature, consisting wholly of conclusions"). Thus, Plaintiff's allegations are too conclusory to plausibly allege a conspiracy to deny civil rights. *See Melvin*, 126 F. Supp. 3d at 610–11 (dismissing a claim for conspiracy to deny civil rights that only "summarily allege[d]" the elements without sufficient facts). Accordingly, it is recommended that the motions to dismiss from Defendants Wiegers, Simmons, and Frazor be granted.

A court may also *sua sponte* dismiss non-moving defendants from an action. *See Hardwick v. Lewis*, No. 5:23-CV-504-BO, 2024 WL 4500706, at *5 (E.D.N.C. Mar. 28, 2024) (citing 5B

12

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. Oct. 2020 update) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district court judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim . . . .")), *report and recommendation adopted,* No. 5:23-CV-504-BO, 2024 WL 4100491 (E.D.N.C. Sept. 6, 2024). Because Plaintiff's complaint fails to allege any facts to support his claims against Crowl and Berger, he has failed to sufficiently state a claim against them too. *See id.* (dismissing the claims against non-moving defendants after the court found that the plaintiff failed to state claim). Accordingly, it is recommended that the complaint be dismissed in its entirety against all Defendants for failure to state a claim.

### c. Strike

Defendant Wiegers has also moved to strike the words "pedophile" and "LGBQT/Terrorist" from the complaint. [DE-15] at 3. She argues that, because Plaintiff does not allege a factual basis for the claims and because Wiegers relationship with Plaintiff was between adults and not children, the claim is "scandalous in nature" and the words "unnecessarily reflect on the Defendant's moral character." *Id.* Plaintiff did not address this motion in his response to Defendant Wieger's motion to dismiss. Because Plaintiff's allegations are scandalous and irrelevant, given the frivolous nature of the claims, the court should strike the offensive language.

"Motions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party." *Godfredson v. JBC Legal Grp., P.C.*, 387 F. Supp. 2d 543, 548 (E.D.N.C. 2005) (quoting *Tivoli Realty Inc. v. Paramount Pictures, Inc.,* 80 F. Supp. 800, 803 (D. Del. 1948)). Thus, "[t]he court should only grant a motion to strike on the basis of irrelevancy when 'it is clear that the material in question can have no possible bearing upon the subject matter of the litigation

Case 7:25-cv-00800-BO-RJ Document 25 Filed 08/25/25 Page 13 of 18

and the material may prejudice the other party.'" *Barden v. Murphy-Brown, LLC*, No. 7:20-CV-85-BR, 2021 WL 965915, at *8 (E.D.N.C. Mar. 15, 2021) (quoting *Simaan, Inc. v. BP Prods. N. Am., Inc.*, 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005)).

Here, Plaintiff's allegations toward Wiegers are irrelevant and scandalous. While the danger of prejudice is lessened by the dismissal of the claims, *see Godfredson*, 387 F. Supp. 2d at 557–58 ("Although the material in the complaint is largely immaterial, impertinent, and scandalous, it will not be presented to the jury . . . . Therefore, the danger of prejudice is minimized), Plaintiff's allegations of unrelated criminal activity like pedophilia and terrorism "have no place in this proceeding" for civil conspiracy, *see Culver v. JBC Legal Grp., P.C.*, No. 5:04-CV-389-FL(1), 2005 WL 5621875, at *11 (E.D.N.C. June 28, 2005) (granting a motion to strike when the plaintiff asserted violations of criminal law in a civil action). Moreover, the court should purge from the publicly-available complaint scandalous allegations aimed at Wiegers that unnecessarily reflect on her moral character. *See Swift Beef Co. v. Alex Lee, Inc.*, No. 5:17-CV-176, 2018 WL 792070, at *3 (W.D.N.C. Feb. 8, 2018) ("Scandalous allegations are those that unnecessarily reflect on a party's moral character or detracts from the dignity of the court."); *see also Thornhill v. Aylor*, No. 3:15-CV-00024, 2016 WL 258645, at *2 (W.D. Va. Jan. 20, 2016) ("The disfavored character of Rule 12(f), however, is somewhat relaxed in the context of scandalous matter, and materials of this type often will be stricken from the pleadings in order to 'purge the court's files and protect the person who is the subject of the allegations.'") (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004)). Accordingly, allegations that Wiegers is a "pedophile" and "LGBQT/Terrorist" are scandalous and irrelevant, so it is recommended that they be stricken from the complaint. *See White v. Key*, No. 6:23-CV-00007, 2023 WL 3059157, at *2 (W.D. Va. Apr. 24, 2023) (granting a motion to strike

claims that the defendant was a drug abuser and alcoholic with mental illness for being scandalous and irrelevant).

### ii. Prefiling Injunction

Plaintiff has filed several frivolous actions in this court. *See Edge v. United States*, No. 7:24-CV-1086-FL, 2025 WL 794443 (E.D.N.C. Feb. 28, 2025); *Edge v. United States (Veteran's Affairs)*, No. 7:25-CV-203-BO (Jan. 7, 2025), *Edge v. Pickler*, No. 7:25-CV-370-BO (Feb. 18, 2025), *Edge v. Hall et al.*, No. 7:25-CV-371-BO (Feb. 18, 2025). Thus, the court should warn Plaintiff that the filing of frivolous actions regarding civil conspiracies of attempted murder and human trafficking msy result in the entry of a prefiling injunction. *See* 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11; *Armstrong v. Easley*, No. 5:06-CV-495-D, 2006 WL 4766024, *2–3 (E.D.N.C. Dec. 12, 2006), *aff'd*, 225 F. App'x 120 (4th Cir. May 3, 2007) (per curiam), *cert. denied*, 128 S. Ct. 620 (2007).

Federal courts have the authority to limit access by "vexatious and repetitive litigants" to the courts under the All Writs Act, 28 U.S.C. § 1651(a). *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). "Such a drastic remedy must be used sparingly, however, consistent with constitutional guarantees of due process of law and access to the courts." *Id.* (citing U.S. Const. amend. XIV, § 1); *see also Truax v. Corrigan*, 257 U.S. 312, 332 (1921) ("The due process clause requires that every man shall have the protection of his day in court."). Thus, a judge can only limit a litigant's access to the courts in "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer*, 390 F.3d at 817–18 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). As such, "use of such measures against a *pro se* plaintiff should be approached with particular caution" and should "remain very much the exception to the general rule of free access to the courts." *Id.* at 818 (quoting *Pavilonis*

15

*v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)). A court may consider the following factors to determine whether a prefiling injunction is warranted:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* Even if the litigant's conduct merits a prefiling injunction, "the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." *Id.* For the injunction to be narrowly tailored, it must only address "filings in [a particular action] or related actions." *Id.* at 819. Because a prefiling injunction limits the constitutional guarantee of due process, a litigant must have notice and opportunity to be heard before its imposition. *Id.*; *see also In re Larrimore*, Nos. 5:08-MC-27-D, 5:08-MC-28-D, 2008 WL 5085028, at *3 (E.D.N.C. Nov. 26, 2008) ("The Fourth Circuit, however, concluded that this court's two warnings concerning a possible prefiling injunction were not adequate and that [the plaintiff] had not been given an opportunity to be heard before the court issue its prefiling injunction.") (citing *Larrimore v. Williamson*, 288 Fed. App'x 62, 63 (4th Cir. 2008) (per curiam)).

Here, Plaintiff's five lawsuits have been largely duplicative and based on delusional allegations. *See Philips v. Pitt Cnty. Mem'l Hosp.*, No. 4:24-CV-98-FL, 2024 WL 4177923, at *4 (E.D.N.C. Sept. 12, 2024) (finding that the plaintiff's litigation history weighed in favor of a prefiling injunction after he sued the same defendants multiple times based on the same events that had occurred decades prior). Because Plaintiff has a "history of repeatedly litigating [the] same meritless claims" of civil conspiracy related to human trafficking and terrorism, he does not have a good faith basis for continuing to assert them in this court. *See id.* at *5. Moreover, Plaintiff's numerous suits have "congested the dockets of this court." *Id.* Other sanctions may also be difficult

to impose since some of Plaintiff's other lawsuits have been dismissed due to insufficient service. *See id.* at *6 (warning the plaintiff of a prefiling injunction after a substantial award of attorneys' fees did not deter him from filing three more lawsuits). Accordingly, it is recommended that Plaintiff be warned that continuing to file frivolous claims related to this subject matter may lead to a prefiling injunction.

## IV. Conclusion

For the reasons stated above, it is RECOMMENDED that the motions to dismiss be GRANTED, the case be DISMISSED in its entirety as to all Defendants for lack of subject matter jurisdiction and failure to state a claim, and Plaintiff's motion for the U.S. Marshals to serve Defendants be DENIED AS MOOT.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties. You shall have until **Monday, September 8, 2025**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and**

Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Submitted, this 25th day of August, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge