IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-800-BO-RJ

NIGEL MAX EDGE, )
)
        Plaintiff, )
)
v. ) ORDER
)
JESSICA WIEGERS, MARK SIMMONS, )
ALYSON BERGER, RACHEL CROWL, )
TRENT FRAZOR, )
)
        Defendants. )

    This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Robert B. Jones, Jr. [DE 25]. Plaintiff has filed a timely objection [DE 26], and in this posture the matter is ripe for disposition. For the reasons that follow, the memorandum and recommendation is adopted.

BACKGROUND

    Plaintiff, who proceeds in this action *pro se*, filed a complaint against defendants on May 12, 2025. [DE 1]. In his complaint, plaintiff alleges that he has been concealed within a civil conspiracy, human trafficked, and the victim of a mass pedophile ring operated by white supremacists. Plaintiff alleges that the defendants have played various roles in the crimes against him, including by poisoning plaintiff and aiding the white supremacists in their conspiracy.

    Defendants Wiegers, Simmons, and Frazor have moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [DE 12]; [DE 15]; [DE 21]. Defendants Berger and Crowl

have not appeared, and plaintiff has filed a motion asking the Court to serve these defendants by U.S. Marshal. [DE 17].

On August 25, 2025, Magistrate Judge Jones filed a memorandum and recommendation (M&R), recommending that the motions to dismiss be granted, the complaint be dismissed in its entirety, and the motion for service be denied as moot. [DE 25]. Magistrate Judge Jones has also recommended that defendant Wiegers' request to strike certain allegations about her be granted and that plaintiff be warned that he may be subject to a prefiling injunction should he continue to file complaints raising the same baseless allegations. Plaintiff has filed a timely objection, [DE 26], and all matters are ripe for disposition.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The M&R recommends that the complaint be dismissed for lack of subject matter jurisdiction because plaintiff has failed to plead or establish federal question or diversity jurisdiction. In his objection, plaintiff argues that the defendants reside throughout the East Coast and that plaintiff has resided in a number of places since his childhood. Plaintiff also appears to contend that the Court has subject matter jurisdiction because the events at issue took place in various locations.

Plaintiff does not specifically object to the M&R's finding that plaintiff has failed to plead the existence of federal question jurisdiction. Plaintiff's objection appears directed to the M&R's finding that he has also failed to plead the existence of diversity jurisdiction. Diversity jurisdiction requires there to be complete diversity of citizenship between the parties, "*i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff does not contest the M&R's finding that he is a citizen of this state, and two of the defendants also appear to be residents and citizens of North Carolina. [DE 4]. Plaintiff's objection fails to establish a basis for subject matter jurisdiction, and his objection to the M&R on this ground is overruled.

Plaintiff also objects to the M&R's finding that the complaint fails to state a plausible claim for relief. Plaintiff argues in a conclusory fashion that defendants are known to be responsible for invasion of privacy, personal injury, involuntary intoxication, human trafficking, and attempted murder. Plaintiff recounts anagrams, codes, and palindromes which he contends support his claims. Plaintiff's objection is nonsensical and delusional, much like his claims overall. The objection on this ground is overruled.

Plaintiff also objects to the recommendation to strike certain allegations and to warn plaintiff regarding a prefiling injunction. First, these objections generally fail to "direct the court

to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Second, the objections to these portions of the M&R are delusional and unbelievable. Accordingly, the objections are overruled. As to these portions of the M&R and the remaining recommendation to which plaintiff has not objected, the Court has reviewed the M&R for clear error and finds none. The Court therefore adopts the M&R as its own.

CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's objections [DE 26] are OVERRULED and the memorandum and recommendation [DE 25] is ADOPTED IN FULL. The motions to dismiss [DE 12]; [DE 15]; [DE 21] are GRANTED and the complaint is hereby DISMISSED in its entirety both for lack of subject matter jurisdiction and for failure to state a claim. Defendant Wiegers' request to strike [DE 15] is ALLOWED and the allegations in the complaint that Wiegers is a "pedophile" and "LGBQT/Terrorist" are STRICKEN. Plaintiff's motion requesting the Court to serve defendants [DE 17] is DENIED as moot.

Plaintiff is further WARNED that continuing to file frivolous civil actions regarding conspiracies of his attempted murder and human trafficking may result in the entry of a prefiling injunction. *See* 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11.

The clerk is DIRECTED to enter judgment and close this case.

SO ORDERED, this 29 day of October 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4